ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 20 2022

KEVIN P. WEIMER, Clerk
By: _CEM_ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Quinn Mays,<br>Andre Noble,<br>Jenaye Williams, and<br>Charlene Smart | Criminal Indictment<br><br>No. **1:22 CR 343** |

The Grand Jury charges that:

### Background

1. The Coronavirus Aid, Relief, and Economic Security Act ("CARES") Act provided for $2.2 trillion dollars in economic stimulus in response to the economic decline caused by the COVID-19 pandemic in the United States. The CARES Act, in conjunction with an officially declared disaster by the United States Government, allowed for the Small Business Administration ("SBA") to offer Economic Injury Disaster Loan ("EIDL") funding to business owners negatively affected by the COVID-19 pandemic.

2. To qualify for EIDL funds, a business must have existed prior to February 1, 2020. EIDL funds may not be used to start a new business. EIDL funds must be used to pay fixed debts, payroll, accounts payable,

and other bills that could have been paid had the COVID-19 disaster not occurred.

3. As part of an EIDL application, an applicant may request and receive up to $10,000 as an EIDL Cash Advance Grant based on the number of employees claimed by the applicant. In general, the SBA authorized payments of $1,000 in EIDL Cash Advance Grants for each employee claimed by a company. Payments of EIDL Cash Advance Grants to applicants occur before receipt of any SBA loan. The EIDL Cash Advance Grants are intended to be up-front payments of EIDL funds to applicants to be used for the specific purposes set forth in paragraph 2.

## Count One
## Wire Fraud Conspiracy
## (18 U.S.C. § 1349)

4. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

5. Starting on or about June 19, 2020, and continuing until at least on or about June 30, 2020, in the Northern District of Georgia and elsewhere, defendants QUINN MAYS and ANDRE NOBLE, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and

unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

*Manner and Means*

6. QUINN MAYS, through social media and other means, identified individuals to apply for EIDL funds from the SBA. MAYS obtained and caused to be obtained personally identifying information ("PII") from those individuals.

7. To steal funds from the SBA, QUINN MAYS and ANDRE NOBLE, and others known and unknown, electronically submitted and caused to be submitted false and fraudulent EIDL applications to the SBA through an online portal set up on a SBA website. The false information in the EIDL applications included false gross revenues,

cost of goods sold, and number of employees, among other things. The EIDL applications requested EIDL Cash Advance Grants.

8. If an EIDL Cash Advance Grant was provided by the SBA, QUINN MAYS would receive a portion of the proceeds.

All in violation of Title 18, United States Code, Section 1349.

## Count Two
## Wire Fraud Conspiracy
## (18 U.S.C. § 1349)

9. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

10. Starting on or about June 19, 2020, and continuing until at least on or about July 10, 2020, in the Northern District of Georgia and elsewhere, the defendants, QUINN MAYS and CHARLENE SMART, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions

were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## *Manner and Means*

11. CHARLENE SMART identified individuals to apply for EIDL funds from the SBA. SMART obtained PII from those individuals. SMART provided QUINN MAYS the PII.

12. To steal funds from the SBA, QUINN MAYS and CHARLENE SMART, and others known and unknown, electronically submitted and caused to be submitted false and fraudulent EIDL applications to the SBA through an online portal set up on a SBA website. The false information in the EIDL applications included false gross revenues, cost of goods sold, and number of employees, among other things. The EIDL applications requested EIDL Cash Advance Grants.

13. If an EIDL Cash Advance Grant was provided by the SBA, QUINN MAYS would receive a portion of the proceeds.

All in violation of Title 18, United States Code, Section 1349.

## Count Three
## Wire Fraud Conspiracy
## (18 U.S.C. § 1349)

14. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3 of this Indictment as if fully set forth herein.

15. Starting on or about June 25, 2020, and continuing until at least on or about July 28, 2020, in the Northern District of Georgia and elsewhere, the defendants, QUINN MAYS and JENAYE WILLIAMS, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and, in so doing, caused interstate and foreign wire communications to be made, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

*Manner and Means*

16. JENAYE WILLIAMS identified individuals to apply for EIDL funds from the SBA. WILLIAMS obtained and caused to be obtained PII from those individuals. WILLIAMS provided QUINN MAYS the PII.

17. To steal funds from the SBA, QUINN MAYS and JENAYE WILLIAMS, and others known and unknown, electronically submitted and caused to be submitted false and fraudulent EIDL applications to the SBA through an online portal set up on a SBA website. The false information in the EIDL applications included false gross revenues, cost of goods sold, and number of employees, among other things. The EIDL applications requested EIDL Cash Advance Grants.

18. If an EIDL Cash Advance Grant was provided by the SBA, QUINN MAYS would receive a portion of the proceeds.

All in violation of Title 18, United States Code, Section 1349.

## Counts Four through Twenty-Two
## Wire Fraud
## (18 U.S.C. § 1343)

19. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3, 6 through 8, 11 through 13, and 16 through 18 of this Indictment as if fully set forth herein.

20. On or about the dates set forth in the following table, in the Northern District of Georgia, the defendants listed in the following table, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned schemes and artifices to defraud, and to obtain money and property by means of materially false and fraudulent pretenses and representations, did, with intent to defraud, cause to be transmitted by means of a wire communication in interstate and foreign commerce certain writings, signs, signals, and sounds, namely, the wires identified in the table below:

| Count | Defendant(s) | Date | Wire |
|---|---|---|---|
| 4 | MAYS | 6/17/2020 | Electronic submission of EIDL application in the name of D.O. to the SBA via the SBA's online portal. |
| 5 | MAYS | 6/18/2020 | Electronic submission of EIDL application in the name of C.L. to the SBA via the SBA's online portal. |
| 6 | MAYS | 6/19/2020 | Electronic submission of EIDL application in the name of B.L. to the SBA via the SBA's online portal. |

| Count | Defendant(s) | Date | Wire |
|---|---|---|---|
| 7 | MAYS NOBLE | 6/20/2020 | Electronic submission of EIDL application in the name of T.B. to the SBA via the SBA's online portal. |
| 8 | MAYS NOBLE | 6/20/2020 | Electronic submission of EIDL application in the name of M.M. to the SBA via the SBA's online portal. |
| 9 | MAYS NOBLE | 6/21/2020 | Electronic submission of EIDL application in the name of D.D. to the SBA via the SBA's online portal. |
| 10 | MAYS NOBLE | 6/22/2020 | Electronic submission of EIDL application in the name of G.D. to the SBA via the SBA's online portal. |
| 11 | MAYS NOBLE | 6/22/2020 | Electronic submission of EIDL application in the name of K.S. to the SBA via the SBA's online portal. |
| 12 | MAYS NOBLE | 6/23/2020 | Electronic submission of EIDL application in the name of O.O. to the SBA via the SBA's online portal. |
| 13 | MAYS, WILLIAMS | 6/27/2020 | Electronic submission of EIDL application in the name of D.A. to the SBA via the SBA's online portal. |

| Count | Defendant(s) | Date | Wire |
|---|---|---|---|
| 14 | MAYS, WILLIAMS | 6/29/2020 | Electronic submission of EIDL application in the name of F.H. to the SBA via the SBA's online portal. |
| 15 | MAYS, WILLIAMS | 6/30/2020 | Electronic submission of EIDL application in the name of C.B. to the SBA via the SBA's online portal. |
| 16 | MAYS, WILLIAMS | 6/30/2020 | Electronic submission of EIDL application in the name of J.C. to the SBA via the SBA's online portal. |
| 17 | MAYS, WILLIAMS | 6/30/2020 | Electronic submission of EIDL application in the name of S.N. to the SBA via the SBA's online portal. |
| 18 | MAYS, SMART | 6/30/2020 | Electronic submission of EIDL application in the name of C.I. to the SBA via the SBA's online portal. |
| 19 | MAYS, SMART | 6/30/2020 | Electronic submission of EIDL application in the name of V.B. to the SBA via the SBA's online portal. |
| 20 | MAYS, WILLIAMS | 7/7/2020 | Electronic submission of EIDL application in the name of A.S. to the SBA via the SBA's online portal. |

| Count | Defendant(s) | Date | Wire |
|---|---|---|---|
| 21 | MAYS, WILLIAMS | 7/7/2020 | Electronic submission of EIDL application in the name of S.A. to the SBA via the SBA's online portal. |
| 22 | MAYS, WILLIAMS | 7/7/2020 | Electronic submission of EIDL application in the name of O.L. to the SBA via the SBA's online portal. |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts Twenty-Three through Thirty
## Aggravated Identity Theft
## (18 U.S.C. § 1028A)

21. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 3, 6 through 8, 11 through 13, and 16 through 18 of this Indictment as if fully set forth herein.

22. On or about the dates set forth in the following table, in the Northern District of Georgia and elsewhere, the defendants set forth in the following table, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly possess, transfer, and use a means of identification of another person, without lawful

11

authority, during and in relation to the wire fraud offense listed in the table below:

| Count | Defendant(s) | Date | Identity Used | Wire Fraud Offense |
|---|---|---|---|---|
| 23 | MAYS | 6/18/2020 | C.L. | Count 5 |
| 24 | MAYS | 6/19/2020 | B.L. | Count 6 |
| 25 | MAYS NOBLE | 6/21/2020 | D.D. | Count 9 |
| 26 | MAYS NOBLE | 6/22/2020 | K.S. | Count 11 |
| 27 | MAYS NOBLE | 6/23/2020 | O.O. | Count 12 |
| 28 | MAYS, WILLIAMS | 6/27/2020 | D.A. | Count 13 |
| 29 | MAYS, SMART | 6/30/2020 | C.I. | Count 18 |
| 30 | MAYS, SMART | 6/30/2020 | V.B. | Count 19 |

All in violation of Title 18, United Code, Section 1028A and Section 2.

## Forfeiture

23. Upon conviction of one or more offenses alleged in Counts One through Twenty-Two of this Indictment, the defendants, QUINN MAYS, ANDRE NOBLE, JENAYE WILLIAMS, and CHARLENE SMART shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly as the result of such violation, including but not limited to the following:

> MONEY JUDGMENT: A sum of money in United States currency equal to the amount of proceeds the Defendant obtained as a result of the offense for which the Defendant is convicted.

24. If, as a result of any act or omission of the defendants, any property subject to forfeiture: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty; the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the Defendants up to the value of the forfeitable property or seek a money

13

judgment against said defendants for any amount that would constitute the proceeds of such violation.

A _____TRUE_____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

SAMIR KAUSHAL
*Assistant United States Attorney*
Georgia Bar No. 935285

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

14